HARP *et al.* v. WALLIN *et al.*

The will of the testator containing a direction that, in case his devisee of a specified tract of land "sees cause to send my wife to the asylum, then the land to be sold and the proceeds to be equally divided," etc., and the devisee, having elected to send the widow to the asylum and having procured an adjudication that she was insane and that she be sent to the lunatic asylum, and an order to sell the land having afterwards been duly granted by the ordinary on the application of the executor, the power of sale became fully operative, although the widow was not actually sent to the

lunatic asylum. And a sale made in pursuance of the power and of the leave granted by the ordinary, if regularly made and without fraud, passed the title to the purchaser; the devisee, so far as appears, not having previously to the sale revoked or changed her election, and not having directed or requested the executor not to execute the power.

July 30, 1894.

Equitable petition. Before Judge SMITH. Walker superior court. August term, 1893.

COPELAND & JACKSON and R. M. W. GLENN, for plaintiffs in error. LUMPKIN & SHATTUCK, contra.

LUMPKIN, Justice.

By his last will and testament, E. A. Wameck devised to Mary J. Wallin a tract of land, to be rented and the proceeds to go to the testator's wife, Eliza Wameck, and the said Mary J., during the lifetime of the wife, " unless Mary J. Wallin sees cause to send my wife to the asylum; then, the land to be sold, and the proceeds to be equally divided into five parts, as follows : one fifth to Mary J. Wallin," the will providing as to the distribution to other persons of the remaining four fifths of the proceeds of the land. Afterwards Mary J. Wallin presented a sworn petition to the ordinary for a commission of lunacy, alleging that Eliza Wameck was insane. A commission was duly issued, and proper proceedings had authorizing the commitment of Mrs. Wameck to the lunatic asylum, in pursuance of which the deputy-sheriff was about to take her to that institution, but was prevented from so doing by her brothers, and in point of fact she was never actually sent to the asylum. Subsequently to the above mentioned proceedings, the executor of Wameck's will applied to the court of ordinary for an order to sell the land, which was duly granted, and afterwards sold the land at public outcry to Harp, and made him a deed to the same.

Mary J. Wallin and Mrs. Wameck filed an equitable petition against the executor and Harp to set. aside the sale and cancel the executor's deed. At the trial, much evidence was introduced bearing upon the question as to whether or not the sale by the executor was fairly and regularly made and free from fraud and collusion. The court, without leaving to the jury the determination of the issues thus made, directed a verdict for the plaintiffs, evidently being of the opinion that inasmuch as Mrs. Wameck was never actually sent to the asylum, the order of sale granted by the ordinary was, in view of the terms of the will, utterly void. We do not concur in this view, and therefore a new trial of the case will be necessary.

It is evident that Mary J. Wallin elected to send Mrs. Wameck to the asylum. This was as effectually evidenced by her suing out the legal proceedings for that purpose as if the adjudication resulting from this proceeding had been carried into effect. Because of this election on her part, the order to sell was properly granted and became fully operative; and inasmuch as it does not appear that Mary J. Wallin, before the sale took place, either revoked or changed her election, or that she requested or directed the executor not to sell, the power of sale remained operative to the end.

The foregoing settles the only material question of law involved in the case, and it is unnecessary to note in detail the numerous grounds of the motion for a new trial. At the next hearing, the case should be submitted to the jury upon the questions whether or not the sale by the executor was made regularly and without fraud ; and whether or not, if there was fraud, Harp was a *bona fide* purchaser without notice of the same; and a verdict should be rendered in accordance with the facts.  *Judgment reversed.*